# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KRISTY M. BITTMAN, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | FILE NO. _____ |
| v. ) | |
| ) | |
| FEDERAL AVIATION ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Kristy M. Bittman ("Plaintiff" or "Bittman") hereby files this Complaint against Federal Aviation Administration ("Defendant" or "FAA"), alleging as follows:

## INTRODUCTION

1. Plaintiff is an employee of the FAA

2. Plaintiff asserts claims against Defendant for gender discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").

## JURISDICTION AND VENUE

3. Plaintiff's claim under Title VII of the Civil Rights Act presents federal

questions over which the Court has subject matter jurisdiction under 28 U.S.C. § 1331.

4. This Court is a proper venue for Plaintiff's claims under 28 U.S.C. § 1391(b), because the Defendant conducts business within the Northern District of Georgia and because the unlawful conduct giving rise to the claims occurred in this District.

## THE PARTIES

5. Kristy Bittman is a resident of the Northern District of Georgia and is subject to this Court's jurisdiction.

6. Defendant FAA is a federal agency which conducts business in the Northern District, and is, therefore, subject to personal jurisdiction in Georgia. Service of Process may be made upon the Office of the United States Attorney General.

7. The FAA is a covered employer under Title VII.

## ADMINISTRATIVE PROCEEDINGS

8. Plaintiff filed a claim with the Office of Civil Rights within the requisite days of the occurrence of the acts of which she complains.

9. All administrative prerequisites for filing suit on Plaintiff's Title VII claims have been satisfied.

## FACTUAL ALLEGATIONS

10. The FAA "employed" Plaintiff within the meaning of the Title VII.

11. Plaintiff is white.

12. Plaintiff was employed by the FAA, since October 2011, as an Air Traffic Controller Specialist.

13. Plaintiff worked at the Atlanta Air Route Traffic Control Center, in Hampton, Georgia.

14. Luke Orenczak ("Orenczak") worked with Plaintiff as an Air Traffic Controller Specialist.

15. During the relevant times, Plaintiff and Orenczak regularly worked at the same time.

16. Plaintiff and Orenczak worked together about three days per workweek.

17. From January 2017 through January 2018, both Plaintiff and Orenczak were assigned to the same team.

18. During all or some of this timeframe, Orenczak was the Controller In Charge and acted as a supervisor in Plaintiff's work area.

19. Beginning in approximately July of 2017, Luke Orenczak ("Orenczak") began sexually harassing Plaintiff.

20. Orenczak sexually harassed Plaintiff, by constantly talking about sex, making sexual remarks, whispering in her ear, leering at her, looking at her chest

and touching her, rubbing her leg, squeezing her shoulders, and constantly tickling or poking her side.

21.  By way of example, Orenczak stared at Plaintiff's chest on numerous occasions, including saying "when are you going to send me pictures of those?" and "I will take the pictures of you, then you don't have to worry about them being on your phone for [your husband] to find."

22.  Orenczak also told Plaintiff, "I don't know why you think I'm joking because I'm not. I want to see those," in referring to Plaintiff's breasts.

23.  Whenever Orenczak engaged in this sexually charged behavior, Plaintiff rebuffed Orenczak's advances.

24.  Orenczak's sexual behavior made it difficult for Plaintiff to perform her job.

25.  Plaintiff complained to supervisors above Orenczak about the sexual harassment on or about August 17, 2017.

26.  Plaintiff requested that she be separated from Orenczak.

27.  FAA refused to move Plaintiff away from Orenczak and forced her to continue to work several days a week with Orenczak.

28.  Plaintiff again complained to supervisors above Orenczak about his sexual harassment, as it did not cease after her complaint.

29.  FAA again refused to separate Plaintiff from Orenczak.

30. Plaintiff made ongoing complaints of sexual harassment, to no avail.

31. Due to FAA's refusal to move Plaintiff, she was forced to use annual leave to avoid ongoing sexual advances by Orenczak.

32. FAA continued to refuse to move Plaintiff away from Orenczak, even after Plaintiff's husband also made a complaint of Orenczak's sexual harassment.

33. Orenczak's sexual harassment of Plaintiff continued until approximately January 2018, when FAA finally moved Plaintiff away from Orenczak.

34. FAA only moved Plaintiff away from her harasser once the union got involved with the situation.

35. As a result of Defendant's above-stated actions, Plaintiff has been deprived of employment opportunities, income in the form of wages and other benefits to which they would have been entitled but for Defendant's illegal actions.

36. Defendant's actions have also caused Plaintiff to suffer out-of-pocket losses and emotional distress for which she seeks redress.

## COUNT I
## Title VII Sexual Harassment

37. Defendant's discrimination against Plaintiff because of her gender in the terms and conditions of employment violates the statutory provisions and protections of Title VII.

38. Orenczak's sexually harassing conduct including inappropriate

comments were sufficiently severe and pervasive as to create a hostile work environment.

39. As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered damages, including but not limited to, lost wages, benefits of employment, emotional distress, mental anguish, humiliation, pain and suffering.

40. Defendant's acts and conduct constitute willful and intentional discrimination.

41. Defendant engaged in its discriminatory practices intentionally and/or with malice and/or with reckless indifference to Plaintiff's rights.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests the following relief:

a. declaratory judgment that Defendant FAA violated Plaintiff's rights under Title VII;

b. an injunction prohibiting the Defendant from engaging in such unlawful conduct in the future;

c. full back pay from the date of Plaintiff's termination, taking into account all raises to which Plaintiff would have been entitled but for her termination, and all fringe and pension benefits of employment, with prejudgment interest thereon;

d. reinstatement of Plaintiff to her former position or in the alternative,

      front pay to compensate Plaintiff for her lost future wages, benefits, and pension;

    e.    compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

    f.    reasonable attorneys' fees and costs; and

    g.    other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted, this 11th day of May 2022.

                                    *s/ William S. Cleveland*
                                    William S. Cleveland
                                    Georgia Bar No. 721593
                                    billy@poolehuffman.com

**POOLE HUFFMAN, LLC.**
3562 Habersham at Northlake
Building J, Suite 200
Tucker, Georgia 30084
T: (404) 373-4008 | F: (888) 709-5723
*Counsels for Plaintiff*